IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD TAYLOR,

        Plaintiff,                    No. CIV S-07-2238 LKK KJM P

    vs.

SACRAMENTO COUNTY, et al.,

        Defendants.            <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendant Elise Talone has filed a motion to dismiss asserting that plaintiff has no viable grounds for the Fourteenth Amendment violation he alleges because plaintiff's conviction has not been set aside or otherwise invalidated, and that qualified good faith immunity precludes the claim altogether.

I. <u>Plaintiff's Allegations</u>

        Plaintiff alleges that while acting under the color of state law, Talone, a certified shorthand reporter employed by the Sacramento Superior Court, denied plaintiff's request for a free copy of his sentencing hearing transcript, thereby denying plaintiff's Fourteenth Amendment due process rights. Plaintiff alleges that his transcript would have demonstrated that he was illegally sentenced and is now serving an illegal sentence.

1

II. <u>Motion to Dismiss Standards</u>

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>see</u> also <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).

The court may properly consider exhibits attached to the motion to dismiss. <u>Parks School of Business, Inc. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995). The court also may take judicial notice of facts outside of the pleadings, including records and reports of administrative bodies, and matters of public record. <u>Mack v. South Bay Beer Distributors, Inc.</u>, 798 F.2d 1279, 1282 (9th Cir. 1986), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u> <u>Astoria Fed. Sav. & Loan Ass'n v. Solimino</u>, 501 U.S. 104 (1991). Documents not physically attached to the complaint may be relied on when the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on the documents. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001).

III. <u>42 U.S.C. § 1983 and State Actors</u>

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . " 42 U.S.C. §1983. Common law tort immunities and defenses survive section 1983. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 418 (1976).

When an alleged deprivation is caused by the exercise of some right or privilege created by the state, or by a state actor, a person for whom the state can fairly be called responsible, it is considered a state action. West v. Atkins, 487 U.S. 42, 49 (1988). Generally, state employment is sufficient to classify someone as a state actor. Id. at 50. A person can fairly be said to be a state actor when he or she acts with the authority of state law. Id. at 55. "If a defendant's alleged infringement of the plaintiff's constitutional rights satisfies the state-action requirement of the Fourteenth Amendment, the defendant's conduct also constitutes action 'under color of state law' for § 1983's purposes, since it is 'fairly attributable to the State.'" Id. at 42.

As an employee of the Superior Court, Talone qualifies as a state actor potentially subject to liability under § 1983.

IV. Immunity

Court reporters enjoy qualified, not absolute immunity. Antoine v. Byers & Anderson, 508 U.S. 429 (1993). In a motion to dismiss, government officials are entitled to immediately raise qualified immunity as a defense to avoid the burdens of discovery and pre-trial procedures. Kwai Fun Wong v. United States, 373 F.3d 952, 957 (9th Cir. 2004). The burden of pleading qualified immunity rests with the defendant. Gomez v. Toledo, 446 U.S. 635, 640 (1980).

The qualified immunity defense provides "ample protection to all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). Government officials performing discretionary functions generally are shielded "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In determining whether a governmental officer is immune from suit based on the doctrine of qualified immunity, the court answers one or two questions. One is, taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? Saucier v. Katz, 533 U.S. 194, 201 (2001). A

negative answer ends the analysis, with qualified immunity protecting defendant from liability. Id. If the court analyzes the first question and determines a constitutional violation occurred, then the court must further inquire "whether the right was clearly established." Id. "If the law did not put the [defendant] on notice that [his] conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." Id. at 202. However, ". . . the [plaintiff] need not establish that the [defendant's] behavior had been previously declared unconstitutional." Hydrick v. Hunter, 500 F.3d 978, 989 (9th Cir. 2007) (internal quotations omitted). The reasonableness of a defendant's conduct is judged "against the backdrop of the law at the time of the conduct." Brosseau v. Haugen, 543 U.S. 194, 198 (2004). The Supreme Court has emphasized that "the qualified immunity inquiry must be undertaken in light of the specific context of the case." Id.

Recently, the Supreme Court has withdrawn its mandate that qualified immunity analysis must proceed under the sequence originally dictated by Saucier. Pearson v. Callahan, __ U.S. __, 129 S. Ct. 808 (2009). The Court held:

> On reconsidering the procedure required in Saucier, we conclude that, while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory. The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.
>
> Although we now hold that the Saucier protocol should not be regarded as mandatory in all cases, we continue to recognize that it is often beneficial.

Id. at 818. Given the particular circumstances of this case, the court sees no reason to depart from the Saucier procedure.

V. Analysis

In support of her motion to dismiss, Talone has submitted three exhibits. Exhibit A is a copy of plaintiff's one page letter, dated February, 5, 2006, requesting all court transcripts from his sentencing on February 1, 2006. Exhibit B is a copy of the front of the

envelope that contained plaintiff's February 5, 2006 letter. Exhibit C is a copy of Judge Nunley's order, dated April 17, 2006, denying plaintiff's request for copies of transcripts from his sentencing hearing. This court takes judicial notice of Exhibit C. Fed. R. Evid. 201; see also Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 857 n.1 (9th Cir. 2008).

In his complaint, plaintiff alleges that both Judge Nunley and Talone denied him his transcript. Compl. at 2-3. The complaint does not reference plaintiff's letter to the court requesting the transcript, nor does it reference the judge's order denying plaintiff a copy of his trial transcript. In analyzing Talone's qualified immunity defense, the court first determines whether the facts alleged, taken in the light most favorable to the plaintiff, show a constitutional right was violated to the extent Talone denied plaintiff a copy of his transcript.

Judge Nunley denied plaintiff's request for a transcript from his sentencing hearing, stating that plaintiff was "not entitled to free transcripts for the purpose of searching for errors that might be asserted in a post-judgment collateral proceeding," with reliance on Miller v. Hamm, 9 Cal. App. 3d 860 (1970). Mot., Ex. C. Judge Nunley noted that under Miller, a criminal defendant requesting transcripts must specify with particularity how the transcripts are necessary to protect his fundamental rights. See Miller, 9 Cal. App. 3d at 868. Here, plaintiff had not appealed his conviction, the time to file an appeal had passed, and plaintiff had not at any point stated any specific need for the transcripts. Based on these reasons, Judge Nunley found the requirements of Miller had not been fulfilled. Mot., Ex. L. Nothing suggests Talone was involved in any way in the judge's decision.

Moreover, the United States Supreme Court has held that a state is not required to provide a stenographer's transcript to every criminal defendant who cannot afford to purchase one. Griffin v. Illinois, 351 U.S. 12, 20 (1956). The Court also has held that indigent defendants are only entitled to those parts of the record that are "germane to consideration of the appeal..." Draper v. State of Washington, 372 U.S. 487, 495 (1963).

/////

1         Applying the first prong of <u>Saucier</u>, plaintiff had no constitutional right to receive a copy of his transcript from Talone. Thus, Talone's failure to provide a copy to the plaintiff, particularly in light of Judge Nunley's order, cannot constitute a constitutional violation. This court need not consider the second prong of the <u>Saucier</u> test that asks whether any right was clearly established because the violation of a constitutional right has not been shown.

        In light of this resolution, the court also need not reach defendant's other arguments.

        In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant Talone's April 10, 2008 motion to dismiss (docket no. 16) be granted; and

2. This case be dismissed.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 4, 2009.

_____
U.S. MAGISTRATE JUDGE

/jb

/tayl2238.wpd